IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. : | |
| d/b/a IOU FINANCIAL, INC. : | |
| : | |
| Plaintiff, : | |
| vs. : | Case No. |
| : | |
| EMERALD KINGDOM : | |
| GREENHOUSE, LLC; : | |
| JEFFREY D. LLOYD; : | |
| : | |
| Defendants : | |

## COMPLAINT

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff is incorporated in Delaware, whose principal place of business business located in Georgia, which is a citizen of both states per 28 U.S.C. § 1332.

2. Defendant Lloyd [Debtor] is domiciled in and a citizen of California, per § 1332, the sole member of Defendant Emerald [Business], with actual and apparent authority to act on behalf of Business, such as the transactions at issue.

3. Per § 1332, jurisdiction exists in this case based upon diversity of citizenship between the parties and the amount in controversy exceeds $76,000.00, such as relief in law or equity. Per § 1367, jurisdiction exists over all claims.

1

4. This case concerns debt, property and relief valued in excess of $76,000.00, including damages and fees recoverable by contract and statute.

5. Under 28 U.S.C. § 1391 and § 90, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here or Defendants consented to this venue and personal jurisdiction to which they are subject.

6. The loan documents at issue are sworn, governed by Georgia law, contain Georgia forum clauses, waive any defense of Georgia jurisdiction and venue, which stipulate that their performance is due in Georgia as Defendants agreed.

7. Business and Debtor applied to Plaintiff for a commercial loan [Loan] at Plaintiff's Georgia office, who represented in the application process that Debtor was authorized to bind Business, they had the ability and intent to comply with the Loan; whose application information was truthful; upon Plaintiff materially relied.

8. On 7/2/21 [Closing] Business, through Debtor, executed and delivered a sworn Note to Plaintiff, for a gross loan amount/principal sum of $268,800.00, at its Georgia office, in exchange for its Funds, with a loan guaranty fee, confirming all information in the loan application process [Note ¶ 1-5].

9. The Note is breached and in default if (i) its amounts are not received when due; (ii) Business breaches its warranties, representations, covenants, terms or conditions (iii) default under any guaranty or instrument, to enhance the Loan's

underwriting; a bankruptcy, insolvency or receivership proceeding is commenced by or as to Business and not dismissed within 30 days (iv) Business ceases to exist (v) Business obtains another loan without written permission [Note ¶ 6].

10. The Note is the unconditional legal obligation of Business to satisfy the Loan, with all others who become liable for it, which waived any defenses to the Loan, aside from payment, which is governed by Georgia law and subject to Georgia jurisdiction and venue in any action arising from or relating to it [Note ¶¶ 2, 13, 14, 20, 23, 24] which Defendants assumed, adopted and ratified.

11. The property and assets of Business, plus other parties bound by the Note, are encumbered as collateral for the Loan under a Security Agreement in the Note, which Defendants assumed, adopted and ratified, which provides as follows:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of

Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto [Note ¶ 21].

12. The Note and Security Agreement are enforceable by remedies such as but not limited to repossession, replevin, judicial foreclosure or prejudgment or provisional remedies relating to any collateral, security or property interests of the Defendants for debt owed under the Loan [Note ¶ 25].

13. At the Closing, Debtor executed and delivered a sworn Guaranty of the Note and Security Agreement to Plaintiff's Georgia office.

14. The Guaranty is breached and in default based on a breach of and default on its terms or any breach of and default on the Note [Guaranty p. 1].

15. The Guaranty is the unconditional legal obligation of Debtor to satisfy the Loan, with all others who become liable for it, plus Debtor's estate, executors, administrators, heirs, successors and assigns, who waived any defenses to the Loan

aside from payment, which is governed by Georgia law and subject to Georgia jurisdiction and venue in any action arising from or relating to it [Guaranty ¶¶ 2-3, 8 10, 12, 15] which Defendants assumed, adopted and ratified.

16. The property and assets of Debtor, plus other parties bound by the Guaranty, are encumbered as collateral for the Loan under the Security Agreement and Guaranty, which Defendants assumed, adopted and ratified, which provides:

> Guarantor agrees that the Guaranteed Obligations shall consist of all obligations of any Borrower under the Note, including: (i) the Principal Note Amount and Loan Guaranty Fee; (ii) Note Interest; (iii) Default Interest; (iv) Late Charges, (v) Insufficient Funds Charges; (vi) the Security Agreement in the Note, which is secured by Guarantor's property to the same extent as the Borrower's property under the Security Agreement and the provisions of which are hereby incorporated by reference against the Guarantor as if the Guarantor had executed the Security Agreement in the Note; (vii) any amounts owed as a consequence of a declared Event of Default and acceleration by Lender; and (viii) Lender's other costs and expenses of enforcing the Note including, but not limited to, attorneys' fees, and the costs of any court/arbitration proceeding to enforce the Note against Borrower [Guaranty ¶1].

17. Plaintiff may enforce the Note and Security Agreement as to Debtor, using the same methods and remedies as those in the Note [Guaranty ¶ 11].

18. At the Closing, Defendants executed a Debit Agreement with Business to Plaintiff, authorizing Loan payments from their account into Plaintiff's account, certifying its purpose and their account, which they assumed, ratified and adopted.

19. At the Closing, Defendants received the Loan Funds by wire transfer into their account from Plaintiff's account, to which they consented and ratified.

20. The Note, Guaranty, Security and Debit Agreements, as read together, are the Loan, that "absolutely and unconditionally" promises its "payment and collection" [Note ¶ 2, 14, Guaranty ¶ 1-3]. Defendants and others who are or will become liable for "its amounts due" include their "estate, executors, administrators, heirs, successors and assigns" [Note ¶ 13, Guaranty ¶ 3]. It bars all defenses except payment [Note ¶ 13, Guaranty ¶ 8]. It is enforceable by remedies that Plaintiff may simultaneously pursue [Note ¶¶ 21, 25, Guaranty ¶ 1, 11]. It was ratified by Defendants per their acceptance of the Funds and their signatures.

21. Defendants assumed, ratified and adopted the Note, Guaranty, Security and Debit Agreements and any modifications [Instruments] <u>who are liable for the Loan, who entered into but breached the Loan since 2021, which they alleged used to purchase equipment, but which .</u>

22. The Instruments are a security interest in the property and assets of Defendants, for which they are liable, which they assumed, adopted and ratified.

23. The Instruments encumber all property and assets of Defendants such as but not limited to the below ones, owed by Debtor, as follows:

    (a)    <u>1593 Beltline Road, Redding, Shasta, County, CA 96003</u>

(b) <u>2100 Montgomery Road, Red Bluff, Tehama County CA 96080,</u>

(c) These properties and other properties and assets of Defendants are not subject to a homestead or other protection or exemption, which were waived by the Instruments or by the misconduct of Defendants, which were purchased, improved or maintained with the Funds or which are otherwise invalid.

(d) The properties and assets of Defendants are subject to any UUC-1 or other notice as to the Loan and Instruments filed by Plaintiff.

24. Defendants breached and defaulted upon the Instruments, such as but not limited to making misrepresentations when obtaining the Loan, failing to make payments, obtaining unapproved loans, dissipating their property and assets, which they did not cure even after repeated demands by Plaintiff, who are liable for the Loan and their misconduct

25. Defendants induced Plaintiff to confer the Funds on them under the Loan, which they did not intend to satisfy but did not disclose prior to the Closing.

26. Plaintiff reasonably relied upon the representations of Defendants and paid the Funds to them, which closed the Loan with them as a result.

27. Defendants accepted and retained the Funds, who are fraudulently, wrongfully or unjustly enriched with them at Plaintiff's expense, by retaining their property, assets and the Funds.

28. Defendants are indebted to Plaintiff for the Funds, of which their property, assets and proceeds are secured as collateral per the Instruments.

29. All conditions precedent to occurred, were fulfilled, waived or their occurrence or fulfillment were unnecessary or futile.

### COUNT I: ENFORCEMENT OF SECURED INSTRUMENTS AS TO ALL DEFENDANTS

30. ¶¶ 1-29 are incorporated.

31. The Instruments are intended to bind the recipients and beneficiaries of the Funds, such as the Defendants, which they assumed, adopted and ratified.

32. The Instruments are secured by all property and assets of Defendants per the Security Agreement, which they assumed, adopted and ratified.

33. Defendants breached the Instruments requiring their enforcement as to their property and assets per these terms or per their conduct.

34. Defendants accepted the Funds, which they wrongfully retain, who are otherwise unjustly enriched by retaining them with their property and assets.

35. Defendants cannot enjoy any beneficial interest in their property and assets without violating equitable principles, due to their misconduct.

36. The Instruments are enforceable against the property and assets of the Defendants as a secured debt, for which there is no adequate legal remedy, requiring equitable relief, which will not prejudice the Defendants.

37. Per 28 U.S.C. § 2201 and applicable law, Plaintiff requests the Court declare and establish that the Defendants are liable for the Instruments, which are a secured interest in their property and assets, enforceable by an equitable lien or mortgage, constructive trust or like remedy, without waiver of its other remedies, relating back to their execution, granting all just relief, such as its other relief pled.

## COUNT II: BREACH OF INSTRUMENTS AS TO ALL DEFENDANTS

38. ¶¶ 1-29 are incorporated.

39. Defendants consented to and ratified the Instruments by accepting the Funds, for which they are liable as co-guarantors and obligors.

40. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now in default and due.

41. Plaintiff accelerated the principal balance of its defaulted Instruments of which Defendants were given notice or notice was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

42. Plaintiff may simultaneously pursue all remedies on the indebtedness.

43. Per O.C.G.A. § 13-1-11, Defendants are notified unless all principal, interest and other charges due under the Instruments are paid within 10 days of service of this Complaint, then Plaintiff can enforce and invoke the fees provisions of the Instruments and they will be indebted for Plaintiff's fees and costs.

44. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest with any charges as provided by the Instruments and as provided by law.

45. Plaintiff demands judgment for its damages on the Instruments against Defendants for a principal balance of at least $76,000.00, plus fees, interest, costs and its other charges, plus all just relief such as its other remedies.

### COUNT III: UNJUST ENRICHMENT
### AS TO ALL DEFENDANTS

46. ¶¶ 1-29 are incorporated.

47. Defendants induced and encouraged Plaintiff to confer the Funds upon them, of which they consented, benefitted and ratified.

48. Plaintiff provided the Funds to Defendants, expecting their repayment, of which they appreciated, consented, benefitted and ratified.

49. Defendants retained the Funds which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

50. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest.

51. Per O.C.G.A. § 9-2-7 and applicable law, Plaintiff demands judgment as to Defendants for the Funds, costs and all just relief, such as an equitable lien, equitable mortgage or constructive trust on the property and assets of Defendants.

## COUNT VI:  ATTORNEY'S FEES
## AS TO ALL DEFENDANTS

52. ¶¶ 1-29 are incorporated.

53. Defendants acted in bad faith by their misconduct, refusing to resolve these matters, requiring Plaintiff to bring the action and incur costs and fees.

54. Defendants were stubbornly litigious as there was no dispute of their liability at which caused Plaintiff the unnecessary trouble/expense to bring suit.

55. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest plus any charges provided by the terms of the Instruments.

56. Per O.C.G.A. §13-6-11 and applicable law, Plaintiff demands judgment as to Defendants for its fees, costs and just relief if not otherwise granted.

## L.R. 5.1 (C) CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

Respectfully submitted this 3rd day of March 2021.

By: */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 147483